IN THE DISTRICT COURT OF OKLAHOMA COUNTY
STATE OF OKLAHOMA

CJ15 5008

*1030785287*

FILED IN DISTRICT COURT
OKLAHOMA COUNTY

SEP 14 2015

TIM RHODES
COURT CLERK

| | | |
|---|---|---|
| CHRISTOPHER FOLTZ | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| vs. | ) | Case No.: CJ-2015-5008 |
| | ) | |
| LIBERTY MUTUAL INSURANCE COMPANY; AND COLUMBIA CASUALTY COMPANY, | ) ) ) | |
| | ) | |
| Defendants. | ) | |

### PETITION

COMES NOW the Plaintiff, Christopher Foltz, and for his first cause of action against the Defendants Liberty Mutual Insurance Company and Columbia Casualty Company alleges and states as follows:

I.

The Plaintiff is an individual residing in Oklahoma City, Oklahoma County, Oklahoma the Defendants, Liberty Mutual Insurance Company and Columbia Casualty Company are foreign insurance corporations. All acts complained of ocurred in Oklahoma County, Oklahoma. The Court has jurisdiction over the subject matter and parties hereto and venue is properly laid in Oklahoma County.

### FIRST CAUSE OF ACTION

II.

At approximately 1:30 a.m. on or about the 28th day of June, 2015, in Oklahoma City,

**Exhibit 1**

Oklahoma County, Oklahoma, the Plaintiff was northbound on North MacArthur Boulevard, just south of the intersection of North MacArthur Boulevard and Hefner Village Boulevard, when an uninsured motorist, Zachary Owen, who was driving southbound on North MacArthur Boulevard crossed the center line of North MacArthur Boulevard, cross the western northbound land of traffic of MacArthur Boulevard and then traveled into the Plaintiff's lane of traffic striking the Plaintiff's vehicle head on.

III.

At the time of the collision, the Plaintiff was a passenger in a black 2004 Dodge 1500 pickup truck and Owen was driving a white 2001 Ford F-150 pickup truck.

IV.

The said collision was caused by the negligence or want of care of Owen in one or more of the following particulars, to wit:

a. Owen failed to keep a proper lookout for oncoming traffic in front of him.

b. Owen failed to use the braking and steering mechanisms of his vehicle to avoid a collision with the Plaintiff.

c. Owen failed to devote his full time and attention to his driving, in violation of city code 32-10 of the municipal code of the City of Oklahoma, Oklahoma, which states in pertinent part as follows: "The operator of every vehicle, while driving, shall devote his full time and attention to such driving," the violation of which municipal ordinance constitutes negligence *per se*.

d. Owen failed to keep right of center in violation of city code 32-192(a) of the

municipal code of the City of Oklahoma City, Oklahoma which states in pertinent part as follows: "Upon all roadways of sufficient width a vehicle shall be driven to the right of the center of the roadway....," the violation of which municipal ordinance constitutes negligence *per se*.

e.   Owen operated his vehicle in a reckless and dangerous manner in violation of 47 O.S. §801, constituting negligence *per se*.

V.

As a direct and proximate result of Owen's negligence as aforesaid, the Plaintiff has suffered permanent, painful and progressive injuries and has suffered physical, mental and emotional damage and has incurred doctor, hospital and other medical expense for the care and treatment of his injuries in an amount in excess of that amount required for federal jursidiction under the provisions of 28 U.S.C. §1332.

VI.

The Plaintiff believes, and therefore alleges, that the liability insurance coverage for Owen which is available for this collision is not sufficient to pay for the full extent of their damages.

VII.

The uninsured/underinsured motor vehicle coverage for the vehicle in which the Plaintiff was riding at the time of the collision is carried by Liberty Mutual Insurance Company under policy No. AOS29803727340.

VIII.

The Plaintiff's damages are such that he is entitled to recover all of the coverage provided by the said uninsured/underinsured motorist insurance.

WHEREFORE, PREMISES CONSIDERED, Plaintiff prays for judgment on his first cause of action against the Defendant Liberty Mutual Insurance Company in an amount in excess of $75,000 for actual damages each, for their cost, for applicable interest thereon and for all other relief the Court deems equitable and just.

## SECOND CAUSE OF ACTION

IX.

The Plaintiff adopts all of the allegations contained herein above as though specifically pleaded herein.

X.

The Plaintiff believes, and therefore alleges, that the liability insurance coverage of Owen which is available for this collision is not sufficient to pay for the full extent of their damages, even when combined with the uninsured/underinsured coverage provided by the Defendant, Liberty Mutual Insurance Company, as set out in the First Cause of Action.

XI.

The personal umbrella uninsured/underinsured motor vehicle coverage for the vehicle in which the Plaintiff was riding at the time of the collision, which is in excess and in addition to that uninsured/underinsured insurance carried by Liberty Mutual Insurance Company as set out in the Second Cause of Action, is carried by Columbia Casualty

Company under policy No. 167043994.

## XII.

The Plaintiff's damages are such that he is entitled to recover all of the coverage provided by the said umbrella uninsured/underinsured motorist insurance of Columbia Casualty Company.

WHEREFORE, PREMISES CONSIDERED, Plaintiff prays for judgment on his Second Cause of Action against the Defendant, Columbia Casualty Company, in an amount in excess of $75,000 for actual damages each, for their costs, for applicable interest thereon and for all other relief the Court deem equitable and just.

CATHCART & DOOLEY

_____
W. R. Cathcart, OBA #1566
2807 Classen Boulevard
Oklahoma City, OK 73106
Phone: 405-524-1110
Fax: 405-524-4143
bcathcart@cathcartdooley.com

Attorney's Lien Claimed