# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| CHRISTOPHER FOLTZ, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. CIV-15-1144-D |
| | ) | |
| COLUMBIA CASUALTY COMPANY, | ) ) | |
| | ) | |
| Defendant. | ) | |

| | |
|---|---|
| COLUMBIA CASUALTY COMPANY, | ) ) |
| | ) |
| Counterplaintiff/ Third-Party Plaintiff, | ) ) |
| | ) |
| v. | ) |
| | ) |
| CHRISTOPHER FOLTZ and RYAN CUMMINGS, | ) ) |
| | ) |
| Counterdefendant and Third-Party Defendant. | ) ) |

# **O R D E R**

Before the Court is Third-Party Defendant Ryan Cummings' (Cummings) Motion to Remand [Doc. No. 25]. Defendant/Counterplaintiff Columbia Casualty Company (Columbia) and Plaintiff/Counterdefendant Christopher Foltz (Foltz) have filed responses in opposition [Doc. Nos. 31, 32]. The matter is fully briefed and at issue.

# BACKGROUND[1]

Foltz and Cummings were passengers in a vehicle that was struck in a head on collision by a vehicle driven by Zachary Owen, who had allegedly crossed the center line. As a result of the collision, Foltz suffered severe injuries and incurred medical expenses in excess of $800,000. At the time of the accident, the vehicle in which Foltz was riding was insured for underinsured motorist (UIM) coverage under a primary policy issued by Liberty Mutual Insurance Company and an excess policy issued by Columbia. Foltz and Cummings both made claims for UIM coverage to Liberty Mutual and Columbia. Foltz, Cummings, and Owen are all Oklahoma residents; Columbia is an Illinois corporation with its principle place of business in Illinois and Liberty Mutual is a Massachusetts corporation with its principal place of business in Massachusetts.

Foltz sued Liberty Mutual and Columbia in Oklahoma County District Court, asserting he was entitled to UIM benefits under both policies (Foltz and Liberty Mutual eventually resolved their dispute, and his claims against it were dismissed with prejudice). Columbia subsequently removed the action to this Court on the basis of diversity jurisdiction, wherein it filed an interpleader action against Foltz and added Cummings as a third-party defendant, alleging both men asserted

---

[1] **The above factual background is not offered as conclusive proof of any party's liability or lack thereof; rather, for purposes of the present motion, all factual allegations and/or disputes are resolved in the light most favorable to Foltz as the non-removing party.**

competing claims to the policy proceeds. Columbia was granted leave to deposit the policy's $1,000,000 liability limits into the Court's registry. In its counterclaim, Columbia stated its desire to remain a nominal party while Foltz and Cummings resolved their competing claims, as well as to seek reimbursement of its attorney's fees incurred in bringing the interpleader action. *See* Counterclaim and Third-Party Claim at ¶ 17 [Doc. No. 21]. Pursuant to 28 U.S.C. § 1447(c), Cummings moves to remand this action to state court, alleging (1) the lawsuit does not involve a federal question, (2) Cummings has filed a cross-claim against Owen, thereby destroying diversity jurisdiction,[2] and (3) there is no actual controversy involving Columbia upon which diversity jurisdiction may be asserted. For the reasons stated below, the Court finds Cummings' motion should be denied.

## DISCUSSION

The pivotal issue here is whether Cummings, as a third-party defendant, has the statutory authority to seek remand of this action to state court. The parties do not cite any Tenth Circuit authority on this precise issue, and the Tenth Circuit appears to not have addressed it. The removal statutes are to be strictly construed. *Fajen v. Foundation Reserve Ins. Co.*, 683 F.2d 331, 333 (10th Cir.1982). To this end, "[t]he term 'defendant' in removal statutes is narrowly construed." *In re*

---

[2] At the time Cummings filed his motion to remand, he had not yet filed a cross claim. Cummings formally asserted his cross claim against Owens on June 17, 2016 [Doc. No. 35].

*Mortgage Electronic Registration Systems, Inc.*, 680 F.3d 849, 853 (6th Cir. 2012) (citation omitted). In *H & H Terminals, LC v. R. Ramos Family Trust, LLP*, 634 F.Supp.2d 770 (W.D.Tex. 2009), the court was confronted with the issue this Court currently faces. There, a third-party defendant was named in a complaint after removal of the action by the primary defendant. In its motion to remand, the third-party defendant relied on 28 U.S.C. § 1448[3] as the basis for removal. The court referenced cases defining the term "defendant" in 28 U.S.C. § 1441(a) as instructive on the proper definition of "defendant" in § 1448 and adopted the majority view that third-party defendants were excluded from the term "defendant" in the statute. *Id*. The court reasoned that this interpretation, coupled with the general rule that a plaintiff's choice of forum is entitled to deference and legislation creating federal jurisdiction should be narrowly construed, provided support for the conclusion that a third-party defendant was not entitled to move to remand an action under § 1448. *Id*. at 775-777.

Courts in this district, as well as this circuit, have likewise noted that the term "defendant" in the removal statutes does not include third-party defendants,

---

[3] Section 1448 states "[i]n all cases removed from any State court to any district court of the United States in which any one or more of the defendants has not been served with process or in which the service has not been perfected prior to removal, or in which process served proves to be defective, such process or service may be completed or new process issued in the same manner as in cases originally filed in such district court. This section shall not deprive any defendant upon whom process is served after removal of his right to move to remand the case."

and accordingly, have held such defendants have no right to remove actions under those statutory provisions. *See U.S. Bank, N.A. v. Ernst*, No. CIV-13-215-HE, 2013 WL 3353989, at *1 (W.D. Okla. July 3, 2013) (third-party defendant was not entitled to remove case under §§ 1441(a) or 1441(c) (collecting cases)); *Mach v. Triple D Supply, LLC*, 773 F.Supp.2d 1018, 1035 (D.N.M. 2011)(collecting cases); *Nungesser v. Bryant*, No. 07-1285, 2007 WL 4374022, at * (D. Kan. Feb. 28, 2007) ("[M]ost federal courts have determined that third party defendants do not have the right to remove a case under § 1441.") (citations omitted); *NCO Fin. Sys., Inc. v. Yari*, 422 F.Supp.2d 1237, 1239-40 (D. Colo. 2006) ("A majority of courts, ... have declined to extend 28 U.S.C. § 1441(c) to encompass removal by third-party defendants.") (citing cases); *Stillwater Nat'l Bank and Trust Co. v. Perryman Family Revocable Trust Dated Nov. 1, 1997 ex rel. Perryman*, No. 06-CV-584, 2006 WL 3716894, at *2 (N.D. Okla. Dec. 14, 2006) (holding third-party defendant could not remove under § 1441(a) and "it is well-settled that a third-party defendant can never remove a diversity claim under § 1441(c)."); *Mid-State Homes, Inc. v. Swain*, 331 F.Supp. 337, 339 (W.D. Okla. 1971) ("[I]t is generally held that neither a third party defendant nor a cross-defendant may remove.").

The Court finds the rationale in both *H & H Terminals* and those decisions addressing the authority of third-party defendants to remove an action to federal court to be persuasive. As several of those decisions, and others, have noted, the

terms "defendant" and "third-party defendant" "typically are understood as referring to distinct parties." *Federal Nat'l Mortg. Ass'n v. Milasinovich*, _ F.Supp.3d _, 2016 WL 1411256, at *14 (D.N.M. Mar. 30, 2016) (quoting *Johnston v. St. Paul Fire and Marine Ins. Co.*, 134 F.Supp.2d 879, 880 (E.D. Mich. 2001)). The Court sees no meaningful distinction between the rationale expressed in those decisions and statutes addressing a party's authority to seek remand. Accordingly, the Court finds that, under the circumstances presented here, Cummings, as a third-party defendant, is not entitled to seek remand of this action.

Based on the foregoing conclusion, the Court declines to address the other grounds for remand asserted by Cummings, as well as the other grounds against remand asserted by Foltz and Columbia.

## CONCLUSION

Third-Party Defendant Ryan Cummings' Motion to Remand [Doc. No. 25] is **DENIED** as set forth herein.

**IT IS SO ORDERED** this 12th day of July, 2016.

_____
TIMOTHY D. DeGIUSTI
UNITED STATES DISTRICT JUDGE