IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| CHRISTOPHER FOLTZ, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. CIV-15-1144-D |
| | ) | |
| COLUMBIA CASUALTY COMPANY, | ) | |
| | ) | |
| Defendant. | ) | |

| | |
|---|---|
| COLUMBIA CASUALTY COMPANY, | ) |
| | ) |
| Counterplaintiff/ Third-Party Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) |
| CHRISTOPHER FOLTZ and RYAN CUMMINGS, | ) |
| | ) |
| Counterdefendant and Third-Party Defendant. | ) |

# **O R D E R**

Before the Court is Counterplaintiff/Third-Party Plaintiff Columbia Casualty Company's Motion for Permanent Injunction [Doc. No. 45]. Counterdefendant Christopher Foltz and Third-Party Defendant Ryan Cummings have submitted their responses [Doc. Nos. 48, 49]. The matter is fully briefed and at issue.

**BACKGROUND**

Christopher Foltz (Foltz) and Ryan Cummings (Cummings) were injured in an automobile accident. The vehicle in which Foltz and Cummings were riding was insured for underinsured motorist (UIM) coverage under a primary policy issued by Liberty Mutual Insurance Company (Liberty) and an excess policy issued by Columbia Casualty Company (Columbia).

In separate lawsuits, Foltz and Cummings sued the driver of the other vehicle, Liberty, and Columbia in Oklahoma County District Court, asserting their entitlement to benefits under both policies. Columbia subsequently removed Foltz's action to this Court, wherein it filed an interpleader action against Foltz and Cummings alleging the men asserted competing claims to the policy proceeds. Columbia was granted leave to deposit the policy's $1,000,000 liability limits into the Court's registry. Columbia expressed its desire to remain a nominal party while Foltz and Cummings resolved their competing claims, as well as to seek reimbursement of its attorney's fees incurred in bringing the interpleader action.

Columbia did not remove Cummings' action, and Cummings subsequently filed a motion for partial summary judgment against Columbia. In the motion, Cummings stated the following:

> In this Motion for Partial Summary Judgment, [Cummings] seeks a judgment *in rem* against the uninsured/underinsured policy proceeds that [Columbia] has paid into federal court. Ryan further seeks to prevent the further needless claims of attorney fees the attorneys for [Columbia] have announced they intend to seek for performing needless services in defense of funds [Columbia] has already paid into court.

* * *

[Columbia] has no liability to its insureds beyond the policy limits, but [Cummings] is entitled to summary judgment *in rem* against [Columbia] to establish his right to these funds subject to the claims of the other insured, Foltz.

Columbia seeks an order from this Court enjoining Cummings and Foltz from instituting or prosecuting any proceeding which may affect the policy or the $1,000,000 deposited in the Court Clerk's registry.[1] Columbia further moves the Court, as part of its injunction, to direct Foltz to immediately dismiss it from the state action so that all disputed recovery rights to the uninsured motorist policy benefits can be resolved before this Court.

## DISCUSSION

The Anti-Injunction Act ordinarily precludes injunctions against state-court proceedings. 28 U.S.C. § 2283. However, three exceptions exist to this general rule where: (1) Congress "expressly authorized" an injunction; (2) the injunction is "necessary in aid of [the federal court's] jurisdiction"; and (3) the injunction is necessary to "protect or effectuate" a previous judgment in federal district court. *Id.*; *see also Tooele County v. United States*, 820 F.3d 1183, 1187-88 (10th Cir. 2016). Columbia asserts the second exception, which encompasses injunctions in aid of the federal courts' jurisdiction, is applicable.[2]

---

[1] Foltz has not moved for a determination of rights with respect to the funds at issue and he does not oppose Columbia's motion [Doc. No. 48].

[2] This exception is limited. The Supreme Court has applied it only when (1) both the federal and state suits constitute in rem or quasi in rem proceedings and (2) the federal court was the first to take possession of the res (the property under dispute in the federal and state actions). *Tooele County v. United States*, 820 F.3d 1183, 1188 (10th Cir. 2016) (citing *Mandeville v. Canterbury*, 318 U.S. 47, 48-49 (1943)). An in rem action affects

3

A district court has the power to enjoin a pending state proceeding in a rule interpleader action[3] under the "aid of jurisdiction" exception to the Anti-Injunction Act. *See General Ry. Signal Co. v. Corcoran*, 921 F.2d 700, 706-07 (7th Cir. 1991) ("[a] federal court presiding over an interpleader action may stay pending state court proceedings involving the same interpled fund under the 'necessary in aid of its jurisdiction' exception to the Anti-Injunction Act."); *see also United States v. Major Oil Corp.*, 583 F.2d 1152, 1158 (10th Cir. 1978). In *General Ry. Signal*, the Seventh Circuit explained:

> Usually interpleader will not be really effective unless all claimants are brought before the same court in one proceeding and restricted to that single forum in the assertion of their claims. To accomplish that end ... it is of course essential that the interpleader court enjoin the institution or prosecution of other suits on the same subject matter elsewhere.

*General Ry. Signal*, 921 F.2d at 707 (citation omitted); *see also Geler v. Nat'l Westminster Bank USA*, 763 F.Supp. 722, 728 (S.D.N.Y. 1991):

---

the interests of all persons in the property; an action is quasi in rem when it affects the interests of only some persons in the property. *Id*. Commentators have recently noted that "[i]nsofar as modern notions of jurisdiction require only that due process be satisfied to enable an action to proceed, the characterization of interpleader as in personam or in rem has little validity." 7 Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure* § 1711 (3d ed. 2009). Given that interpleader actions are designed to determine the validity of competing claims to an identifiable stake, these commentators note that interpleader "is almost indistinguishable from other in rem or quasi-in-rem proceedings." *Id*. *Compare Am. Gen. Life Ins. Co. v. Henthorn*, No. 15-cv-108, 2016 WL 125561, at *2 (D. Colo. Jan. 11, 2016) ("The interpleader claim is brought in rem. The claim is for the determination of entitlement to a res - the benefits under the [insurance] policy.").

[3] Columbia's interpleader action was brought pursuant to Rule 22 of the Federal Rules of Civil Procedure. *See* Columbia Casualty Company's Orig. Counterclaim and Third-Party Claim at 1, 5 [Doc. No. 21].

> Allowing litigation to go forward on individual claims while a rule interpleader action is pending in federal court would defeat the entire purpose of the interpleader remedy, which is to avoid the possibility of multiple litigation leading to multiple liability. Concurrent suits on individual claims in state court during the pendency of a federal interpleader action thus uniquely impair the federal court's jurisdiction. Under such circumstances, the "aid of jurisdiction" exception to the Anti–Injunction Act is clearly applicable, and the Anti–Injunction Act poses no barrier to the court's authority to issue an injunction against the state-court action.

Before an injunction in a rule interpleader case can be granted, however, the usual standards for granting a preliminary injunction must be satisfied. *Id*. That is, the party seeking the injunction must demonstrate (1) actual success on the merits; (2) irreparable harm unless the injunction is issued; (3) the threatened injury outweighs the harm that the injunction may cause the opposing party; and (4) the injunction, if issued, will not adversely affect the public interest. *S.W. Stainless, LP v. Sappington*, 582 F.3d 1176, 1191 (10th Cir. 2009). Moreover, the party against whom the injunction is sought must be afforded notice and a fair opportunity to be heard. Fed. R. Civ. P. 65(a).

Although Columbia's brief does not expressly address the foregoing elements, the Court, based on its review of the record, finds they are satisfied here. With respect to the first factor, Columbia successfully obtained the relief it sought in filing this interpleader action, i.e., depositing the policy funds into the Court's registry and remaining in the litigation as only a nominal party. Second, the Court finds Columbia has satisfied the irreparable harm requirement in that there is a significant risk that it would be subject to inconsistent judgments. *See Crowe & Dunlevy, P.C. v. Stidham*, 609 F.Supp.2d 1211, 1222-23 (N.D. Okla. 2009). Third, the Court finds Cummings' rights to the subject funds

will be adequately addressed in these proceedings; accordingly, the risk of inconsistent judgments significantly outweighs any potential "harm" Cummings may face. Lastly, in light of the above findings, and this being a private dispute between private parties, the Court finds an injunction will not adversely impact the public interest.

## CONCLUSION

Accordingly, Columbia's motion for permanent injunction is **GRANTED** as set forth herein.

**IT IS HEREBY ORDERED** that the parties to the underlying state court action in question (*Christopher Foltz and Ryan Cummings v. Zachary Owen, Liberty Mutual Insurance Company and CNA Insurance*, Case No. CJ-2015-4479, Oklahoma County District Court, State of Oklahoma), are restrained and enjoined from further seeking or obtaining in the state court action, or any other action proceeding concurrently herewith, an adjudication of rights to the insurance proceeds currently held in the registry of this Court, and said state court is restrained and enjoined from issuing any such order which may interfere with the jurisdiction of this Court to render an effective judgment in this action.

**IT IS SO ORDERED** this 18th day of August, 2016.

_____
TIMOTHY D. DeGIUSTI
UNITED STATES DISTRICT JUDGE