# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| CHRISTOPHER FOLTZ, | ) | |
| Plaintiff, | ) ) ) | |
| v. | ) ) | Case No. CIV-15-1144-D |
| COLUMBIA CASUALTY COMPANY, | ) ) ) ) | |
| Defendant. | ) | |

| | |
|---|---|
| COLUMBIA CASUALTY COMPANY, | ) ) ) |
| Counterplaintiff/ Third-Party Plaintiff, | ) ) ) ) |
| v. | ) ) |
| CHRISTOPHER FOLTZ and RYAN CUMMINGS, | ) ) ) |
| Counterdefendant and Third-Party Defendant. | ) ) ) |

# **O R D E R**

This matter is before the Court on Plaintiff/Counterdefendant Christopher Foltz's Motion to Disqualify Tom Cummings and his firm as counsel of record for Third-Party Defendant Ryan Cummings [Doc. No. 43]. Tom Cummings has filed his response in opposition [Doc. No. 47]. A hearing was held August 29, 2016 in which the Court heard oral argument from the parties. Pursuant to said hearing, and

its review of the parties' submissions, the Court makes the following findings and conclusions.

## BACKGROUND

Foltz and Ryan Cummings (collectively "Plaintiffs")[1] were injured in an automobile accident with Zachary Owen, who had allegedly crossed the road's center line into Plaintiffs' lane. As a result of the accident, Foltz and Cummings suffered injuries and incurred substantial medical expenses. The vehicle in which Foltz was riding was insured for UIM coverage under a primary policy issued by Liberty Mutual Insurance Company with limits of $250,000 per person and $500,000 per accident, and an excess policy issued by Columbia Insurance Company with limits in the amount of $1,000,000.

Both Foltz and Ryan agreed to hire Tom Cummings as their attorney to seek compensation for their injuries and medical bills, and he subsequently filed a lawsuit against Liberty, Columbia, and Owen.[2] Foltz is Ryan Cummings' stepfather; Tom Cummings is Ryan's natural father. In connection with their retention of Tom Cummings, Foltz and Ryan signed a waiver and retention agreement, which stated in pertinent part:

---

[1] For clarity, Ryan Cummings shall be referred to as either "Ryan" or "Cummings." Tom Cummings shall be referred to by his full name.

[2] Foltz and Cummings settled their UIM claims with Liberty and now assert claims in this action for the benefits under the Columbia policy.

> Christopher Foltz ("Chris") and Ryan Cummings ("Ryan"), both having been injured in an automobile collision of June 28, 2015, while occupying a 2004 Dodge pickup truck, and both having employed Tom Cummings as their attorney for the collection of damages for their injuries and medical bills, agree and covenant as follows:
>
> 1. Chris and Ryan hereby waive any actual or potential conflict of interest which currently exists or may arise out of Tom Cummings' representation of both of them.

Shortly after the lawsuit was filed, Foltz fired Tom Cummings and hired a new lawyer to represent him. Afterwards, Tom Cummings filed a dismissal without prejudice only as to Foltz's claims. Foltz's new counsel then filed another lawsuit on his behalf, which was removed to this Court by Columbia. In the removed action, Columbia filed a counterclaim and third-party action against Foltz and Cummings, respectively, in the form of an interpleader action. Columbia interpled the policy proceeds into the Court's registry and has remained in the action as a nominal party. Tom Cummings and his firm entered an appearance on Cummings' behalf and filed an answer to Columbia's third party action, as well as a cross claim against Owen. In his Answer, Cummings admitted he and Foltz had made competing claims for the policy benefits. *See* Answer to Third Party Claim at ¶¶ 8-9 [Doc. No. 35].

Foltz's motion contends Tom Cummings' ongoing representation of Ryan Cummings is materially adverse to Foltz and constitutes a violation of Rules 1.7 and 1.9 of the Oklahoma Rules of Professional Conduct, thereby requiring his

disqualification as counsel. Foltz further states that he has not given informed consent to Tom Cummings' representation of Ryan and his disqualification should be imputed to other members of his firm. Tom Cummings, in response, states that the joint-client privilege exception to the attorney-client privilege permits his representation of Ryan, Rule 1.9 is inapplicable to the case at bar, and Foltz gave his informed consent to the representation. Lastly, Tom Cummings contends Foltz's motion is nothing more than a litigation tactic that should not be countenanced by the Court.

## STANDARD OF DECISION

Whether or not an attorney should be disqualified is a determination committed to the discretion of the court. *Weeks v. Indep. Sch. Dist. No. 1-89 of Okla. Cty, Okla., Bd. of Educ.*, 230 F.3d. 1201, 1211 (10th Cir. 2000); *Chavez v. New Mexico*, 397 F.3d 826, 839 (10th Cir. 2005); *see also E.E.O.C. v. Orson H. Gygi Co., Inc.*, 749 F.2d 620, 621 (10th Cir. 1984) ("Ordinarily the control of attorneys' conduct in trial litigation is within the supervisory powers of the trial judge, and his performance in this area is a matter of judicial discretion.") (citation omitted). When ruling on a motion to disqualify counsel, the Court must make specific findings and conclusions. *Fullmer v. Harper*, 517 F.2d 20, 22 (10th Cir. 1975). Motions to disqualify opposing counsel are viewed with suspicion, and the Court must guard against the possibility that disqualification is sought to "secure a

tactical advantage in the proceedings." *Religious Technology Center v. F.A.C.T. Net, Inc.*, 945 F.Supp. 1470, 1478 (D. Colo. 1996).

## DISCUSSION

The Western District of Oklahoma has adopted the Oklahoma Rules of Professional Conduct as the standard governing attorney conduct. *See* LCvR 83.6(b). Rule 1.7 of the Oklahoma Rules of Professional Conduct states in pertinent part:

**Rule 1.7. Conflict of interest: Current clients**

(a) Except as provided in paragraph (b), a lawyer shall not represent a client if the representation involves a concurrent conflict of interest. A concurrent conflict of interest exists if:

   (1) the representation of one client will be directly adverse to another client; or

   (2) there is a significant risk that the representation of one or more clients will be materially limited by the lawyer's responsibilities to another client, a former client or a third person or by a personal interest of the lawyer.

(b) Notwithstanding the existence of a concurrent conflict of interest under paragraph (a), a lawyer may represent a client if:

* * *

   (4) each affected client gives informed consent, confirmed in writing.[3]

---

[3] The commentary to Rule 1.7 states the effectiveness of such waivers is generally determined by the extent to which the client reasonably understands the material risks that the waiver entails. The more comprehensive the explanation of the types of future representations that may arise, and the actual and reasonably foreseeable adverse consequences of those representations, there is a greater likelihood the

Okla. R. Prof. Cond. 1.7(a)-(b). Similarly, Rule 1.9 states in pertinent part:

> **Rule 1.9. Conflict of interest: Duties to former clients**
>
> (a) A lawyer who has formerly represented a client in a matter shall not thereafter represent another person in the same or a substantially related matter in which that person's interests are materially adverse to the interests of the former client unless the former client gives informed consent, confirmed in writing.

Okla. R. Prof. Cond. 1.9(a).

As noted in these provisions, conflicts of the type alleged here may be waived upon informed consent by the affected client. Because there can be little dispute that "substantially related matters" are present here, the dispositive issue is whether Foltz has waived the apparent conflict of interest arising from Tom Cummings' current representation of Ryan.

The aforementioned waiver provision stated that both Foltz and Ryan "hereby waive any *actual or potential conflict of interest* which *currently exists or may arise* out of Tom Cummings' representation of both of them." (Emphasis added). Foltz contends this provision is inapplicable to the instant case, however, because it only provided consent for Tom Cummings to represent him and Ryan at

---

client will have the requisite understanding. Thus, if the client consented to a particular type of conflict with which the client is already familiar, then the consent ordinarily will be effective with regard to that type of conflict. However, if the consent is general and open-ended, then the consent ordinarily will be viewed as ineffective because it was not reasonably likely the client would have understood the material risks involved. *See* Okla. R. Prof. Cond. 1.7, cmt. 22. The same principles apply to waivers under Rule 1.9. *See* Okla. R. Prof. Cond. 1.9, cmt. 9.

the same time, not for Tom Cummings to represent Ryan in the future should he no longer represent Foltz. *See* Christopher Foltz's Reply to Ryan Cummings' Resp. to Mot. to Disqualify at 8 [Doc. No. 50].

The Court disagrees. Oklahoma's statutory rules of contract construction establish the following: (1) the language of a contract governs its interpretation, if the language is clear and explicit and does not involve an absurdity, 15 OKLA. STAT. §§ 154, 155; (2) a contract is to be taken as a whole, giving effect to every part if reasonably practicable, each clause helping to interpret the others, *Id*. § 157; (3) a contract must receive such an interpretation as will make it operative, definite, reasonable, and capable of being carried into effect, *Id*. § 159; (4) words of a contract are to be given their ordinary and popular meaning, *Id*. § 160; and (5) a contract may be explained by reference to the circumstances under which it was made and the matter to which it relates. *Id*. § 163. In construing a contract, the Court "cannot supply material stipulations or read into a contract words or terms it does not contain; the law will not make a better contract than the parties themselves have seen fit to enter into, or alter it for benefit of one party to detriment of another." *Dismuke v. Cseh*, 1992 OK 50, 830 P.2d 188, 190 (citation omitted).

The Court does not construe the retention agreement and its waiver provision as narrowly as Foltz suggests. Foltz concedes that at the time Plaintiffs

decided to hire Tom Cummings, both men "had competing interests for the same funds" at issue. *See* Foltz's Reply to Cummings' Resp. to Mot. to Disqualify at 7. With this recognition in mind, both plaintiffs agreed to waive any actual *or future* conflict of interest stemming from Tom Cummings' dual representation. In light of the applicable rule and statutory standards discussed above, the Court is satisfied that, with respect to Tom Cummings' current representation of Ryan, Foltz has given a knowing waiver, i.e., an "informed consent" to such representation under Rules 1.7 and 1.9, and Tom Cummings should not be disqualified from representing Ryan Cummings in this action. The effect of this ruling is not to deny any future motions to disqualify, but rather to deny the present motion in light of all the appropriate considerations, including factual and legal issues brought to the Court's attention.[4]

## CONCLUSION

Plaintiff/Counterdefendant Christopher Foltz's Motion to Disqualify [Doc. No. 43] is **DENIED** as set forth herein.

---

[4] The Court also notes Foltz has not made a sufficient showing as to how he would be prejudiced if Tom Cummings were allowed to continue representing Ryan. At the August hearing, Foltz presented no persuasive evidence indicating that, during their brief relationship, he revealed material facts to Tom Cummings that would require his disqualification.

**IT IS SO ORDERED** this 9th day of September, 2016.

_____
TIMOTHY D. DeGIUSTI
UNITED STATES DISTRICT JUDGE