# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| CHRISTOPHER FOLTZ, | ) |
| Plaintiff, | ) ) ) |
| v. | ) Case No. CIV-15-1144-D ) |
| COLUMBIA CASUALTY COMPANY, | ) ) ) ) |
| Defendant. | ) |

| | |
|---|---|
| COLUMBIA CASUALTY COMPANY, | ) ) ) |
| Counterplaintiff/ Third-Party Plaintiff, | ) ) ) |
| v. | ) ) |
| CHRISTOPHER FOLTZ and RYAN CUMMINGS, | ) ) ) |
| Counterdefendant and Third-Party Defendant. | ) ) ) |

## **ORDER**

This matter comes before the Court on Third Party Defendant Ryan Cummings' Motion to Dismiss Columbia Casualty Company [Doc. No. 66], to which Columbia has filed its response in opposition [Doc. No. 74]. The matter is fully briefed and at issue.

Cummings and Plaintiff/Counterdefendant Christopher Foltz are adverse claimants to the proceeds of an excess insurance policy issued by Columbia with limits in the amount of $1,000,000. Columbia was permitted to deposit the policy proceeds into the Court's registry. After depositing the funds, Columbia expressed its desire to remain a nominal party while Foltz and Cummings resolved their competing claims, as well as to seek reimbursement of its attorney's fees incurred in bringing the interpleader action. *See* Original Counterclaim, ¶ 17 [Doc. No. 21] ("Columbia is not a stakeholder in this claim but will remain as a nominal party for purposes of the Court's diversity jurisdiction. ... Columbia pleads for reimbursement of its attorney's fees incurred in bringing this claim before the Court and remaining a nominal party while the competing claimants resolve their claim for damages and rights to the policy's allocated proceeds.").

Cummings, however, moves to dismiss Columbia from this action on the grounds it is not a "real party in interest" to this litigation and should not be considered for purposes of determining whether diversity jurisdiction still exists. Mot. at 3. Moreover, Cummings suggests Columbia should be dismissed from this action "as a practical matter." *Id*. In support of this argument, Cummings contends the deposited funds amount to a "wasting policy" in that Columbia's costs of defending this action will be deducted from the policy. As a consequence,

Cummings contends, Columbia's continued presence in this action diminishes the policy limits to the detriment of himself and Foltz. *Id.*

The present case was originally filed in state court and removed to this Court by Columbia; subject matter jurisdiction was based on diversity of citizenship. *See* Notice of Removal, ¶ 7 [Doc. No. 1]. Subject matter jurisdiction is determined at the time of removal. *Laughlin v. Kmart Corp.*, 50 F.3d 871, 873 (10th Cir. 1995). To this end, and as stated in a leading civil procedure treatise, "once the case is lodged in the federal system, subsequent events in the litigation, 'whether beyond the plaintiff's control or the result of his or her volition,' ... cannot destroy the district court's subject matter jurisdiction once it has been acquired either by commencement in a federal court or by way of removal." 14AA Wright, Miller, and Cooper, *Federal Practice and Procedure* § 3702.4 at 463-70 (4th ed. 2011) (citing *St. Paul Mercury Indem. Co. v. Red Cab Co.*, 303 U.S. 283 (1938)); *see also Wisconsin Dep't of Corrections v. Schact*, 524 U.S. 381, 391 (1998) (noting that in cases where a subsequent event, such as the change in the citizenship of a party, destroys previously existing jurisdiction, "[i]n such cases, a federal court will *keep* a removed case.") (emphasis in original).

Here, at the time of removal, this case fell within the Court's diversity jurisdiction. Therefore, any change in Columbia's status has no effect on the Court's continued exercise of such jurisdiction. Accordingly, Cummings' motion

on this issue is denied. To this end, the Court declines to address Cummings' alternative argument that the Court should dismiss Columbia "as a practical matter" as he has cited no authority to support such action. *See United States v. Hardman*, 297 F.3d 1116, 1131 (10th Cir. 2002) (declining to consider arguments raised in a perfunctory manner).

Accordingly, Third Party Defendant Ryan Cummings' Motion to Dismiss Columbia Casualty Company [Doc. No. 66] is **DENIED** as set forth herein.

**IT IS SO ORDERED** this **14th** day of December, 2016.

TIMOTHY D. DeGIUSTI
UNITED STATES DISTRICT JUDGE